UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY JAMES FITCH** | **CIVIL ACTION** |
| **VERSUS** | **NO.   17-02120** |
| **TERREBONNE PARISH CORRECTIONAL JUSTICE COMPLEX** | **SECTION "H" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I.   Factual and Procedural History

The plaintiff, Larry James Fitch ("Fitch"), is incarcerated in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana. He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the Terrebonne Parish Criminal Justice Complex.

Fitch alleges that he fell getting out of a prison van. R. Doc. 6, p. 5.   He alleges that after falling, he was unconscious and when he opened his eyes he noticed that he was in a lot of pain. *Id.* He alleges that the prison deputy asked him if he was ok. *Id.*   He was placed in a police car and rushed to a hospital. *Id.*

He alleges that at the time of his injury he was being transported to court. *Id.* During that time he further alleges that his legs were in shackles and that he had a black box on his wrist. *Id.* He alleges that while getting out of the van he was not provided any assistance despite the shackles

and cuffs and that the stool which is made available to assist inmates when exiting the van tipped over causing them to fall hit his head on the ground really hard. *Id.*

Fitch seeks to have the Defendants pay his medical bill and tests as well as require them to refer him to a specialist for "every part of his body." *Id.*   He also seeks compensation for his injury, pain and suffering due to the defendant's negligence including punitive damages.

## II.   Standard of Review

Title 28 U.S.C. § 1915(e) requires the Court to sua sponte dismiss cases filed *in forma pauperis* upon a determination that the action is frivolous.   Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact.   *Neitzke v. Williams*, 490 U.S. 319 (1989).

However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.   The Court has broad discretion in determining the frivolous nature of the complaint.   *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). For purposes of § 1915(e), an action lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.   *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).   Therefore, the Court must determine whether the plaintiff's complaint is based on an indisputably meritless legal theory or clearly baseless factual allegations.   *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Terrebonne Parish Criminal Justice Complex

Fitch sued the Terrebonne Parish Criminal Justice Complex. However, it is clear that "[t]he Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any

circumstances. A jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Coleman v. Terrebonne Parish Criminal Justice Complex,* Civ. Action No. 13–4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013) (quotation marks and brackets omitted); *accord Authement v. Terrebonne Parish Sheriff's Office,* Civ. Action No. 09–5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); *Bland v. Terrebonne Parish Criminal Justice Complex,* Civ. Action No. 09–4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009); *Francis v. United States,* Civ. Action No. 07–1991, 2007 WL 2332322, at *2 & n. 4 (E.D. La. Aug. 13, 2007). As such, Fitch's claims against the Terrebonne Parish Criminal Justice Complex should be dismissed as frivolous and should be dismissed with prejudice.

**IV.**   **Personal Injury**

Even if Fitch could cure the problem noted above, to the extent he is asserting a claim against the Complex or any other person or party arising from the slip and fall, that type of claim simply is not actionable under 42 U.S.C. § 1983.

§ 1981 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

*Augustine v. Doe,* 740 F.2d 322, 324–25 (5th Cir.1984) (emphasis added).

The second element is clearly lacking with respect to any claims concerning plaintiff's slip and fall because such claims are grounded in state tort law and not federal constitutional law as required for a § 1983 claim. *See, e.g., Baker v. McCollan,* 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising **out** of tort law."); *Coleman v. Sweetin,* 745 F.3d 756, 764 (5th Cir. 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law. We agree with this conclusion.). Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from slip and fall accidents. *Marsh v. Jones,* 53 F.3d 707, 712 (5th Cir.1995) (noting that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983"); *Watson v. Gusman,* Civ. Act. No. 14-920, 2015 WL 770441, at *3 (E.D. La. Feb. 23, 2015). Accordingly, the claim asserted by Fitch is frivolous and should be dismissed with prejudice.

## V. <u>Recommendation</u>

It is therefore **RECOMMENDED** that Larry James Fitch's § 1983 claims against Terrebonne Parish Criminal Justice Complex be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

       New Orleans, Louisiana, this 31st day of May, 2017.

                              **KAREN WELLS ROBY**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.